IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DONTE BERNARD BAKER,**
         **Petitioner,**

**v.**                                        **Civil Action No. 3:19-CV-33
                                              (GROH)**

**F. ENTZEL, Warden,**
               **Respondent.**

### <u>REPORT AND RECOMMENDATION</u>

## I.    INTRODUCTION

On March 8, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.  Petitioner is a federal inmate housed at FCI Hazelton who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Maryland.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

## II.    FACTUAL AND PROCEDURAL HISTORY[1]

### A.    Conviction and Sentence

On June 27, 2012, a grand jury issued a second superseding indictment which charged Petitioner with: (1) conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1961(1) and (5); (2) conspiracy to commit to commit murder

---

[1] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 1:11-CR-426, in the District of Maryland.

in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); (3) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and (4) aiding and abetting possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  ECF No. 91.

On November 5, 2012, Petitioner entered a guilty plea to Counts 1, 2 and 4.  ECF No. 162.  Before sentence was imposed, Petitioner filed a pro se motion to withdraw his guilty plea.  ECF No. 242.  On May 22, 2013, Petitioner was sentenced to an aggregate term of 480 months, comprised of 420 months on Count 1, 120 months on Count 2, with those sentences to be served concurrently with one another, and with an additional 60 months on Count 4, with that sentence to be served consecutively to the sentences in Counts 1 and 2.  ECF No. 298.

**B.    Direct Appeal**

On May 21, 2013, Petitioner filed a notice of intent to appeal his conviction and sentence.  ECF No. 296.  On October 29, 2014, the Fourth Circuit affirmed Petitioner's conviction and sentence, in that Court's docket 13-4431.  ECF 388.

**C.    Motions to Vacate Under 28 U.S.C. § 2255**

Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on November 3, 2014.  ECF No. 390.   On December 2, 2014, the district court denied the motion to vacate by order and memorandum.  ECF Nos. 397, 398.  By separate order entered December 3, 2014, the district court denied Petitioner a certificate of appealability.  ECF No. 399.  On December 12, 2014,  Petitioner filed a notice of appeal with the Fourth Circuit, in that court's docket number 14-7828.  ECF No. 405.  On March 17,

2015, the Fourth Circuit denied Petitioner's appeal in 14-7828 and denied Petitioner a certificate of appealability.  ECF No. 414.

While that appeal was pending, Petitioner filed a second motion to vacate in the district court on January 26, 2015.  ECF No. 411.  The district court dismissed the second motion to vacate on February 4, 2015.  ECF No. 412.

On February 19, 2016, Petitioner filed a third motion to vacate.  ECF No. 419.  On May 12, 2016, the district court denied Petitioner's third motion to vacate.  ECF Nos. 427, 428.

Petitioner next filed a motion to reduce sentence on June 2, 2016.  ECF No. 429.  The district court denied Petitioner's motion to reduce sentence on December 14, 2016.  ECF No. 442.

Petitioner filed a fourth motion to vacate on January 17, 2017.  ECF No. 443.  On February 2, 2017, the district court dismissed without prejudice the fourth motion to vacate and denied a certificate of appealability.  ECF No. 444.  Petitioner filed a motion to alter or amend that order on February 15, 2017.  ECF No. 445.  On May 5, 2017, the district court denied the motion to alter or amend, and on May 30, 2017, Petitioner filed a notice of appeal challenging the district court's order dismissing his § 2255 motion as successive and denying reconsideration.  ECF Nos. 449, 450, 453.  By unpublished per curiam opinion issued August 1, 2017, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.  ECF No. 453.

On June 11, 2018, Petitioner filed another motion to reduce sentence.  ECF No. 468.  The district court denied the motion to reduce sentence on October 9, 2018.  ECF No. 483.   Petitioner filed a notice of appeal on October 31, 2018.  ECF No. 486.

3

On January 23, 2019, the Fourth Circuit, in docket number 18-7345, affirmed the district court.  ECF No. 490.

### D.    Instant Petitioner Pursuant to 28 U.S.C. § 2241

Petitioner filed the instant petition on March 8, 2019.  ECF No. 1.  In support of his section 2241 petition before this Court, Petitioner states three grounds for relief:

1.    That his sentence for Petitioner's § 924(c) conviction in Count 4 should be vacated because there are insufficient facts to support his conviction.  ECF No. 1 at 5;

2.    That Petitioner's § 924(c) conviction in Count 4 punished conduct that is not criminal, and "entitles him to be resentenced."  ECF No. 1 at 6; and

3.    That the district court erred when it found that Petitioner's conviction in Count 2 for conspiracy to commit murder was a "crime of violence", which finding was improperly used to enhance his sentence.  Id.

For relief, Petitioner requests vacation of his conviction and sentence as to Count 4, remand for resentencing on Count 4, and "vacate and remand to [the] district court for resentencing" on Count 2.  Id. at 8.  Petitioner alternatively asks for "permission to file an all inclusive § 2255 motion" and to have counsel appointed to represent him.  Id.  It appears that Petitioner is seeking to have his conviction and sentence invalidated as to Counts 2 and 4.

In a supplement filed on August 28, 2019, Petitioner further challenged his sentence for the conviction under § 924(c), on the basis that the residual clause of § 924(c)(3) is unconstitutionally vague.  ECF No. 10 at 1 – 2.  Petitioner asserted that

the Supreme Court's holding in United States v. Davis, 139 S.Ct. 2319 (2019) supports his claims.  Id. at 2.

Respondent filed a motion to dismiss, memorandum in support thereof, and exhibits on October 2, 2019.  ECF Nos. 15, 16, 16-1 through 16-3.  Therein, Respondent argues that the petition should be dismissed for lack of jurisdiction because Petitioner cannot meet the three prongs of the Jones test to demonstrate that 28 U.S.C. § 2255 is inadequate or ineffective to challenge the legality of Petitioner's conviction. ECF No. 16 at 5.  Further, Respondent argues that Davis did not invalidate the section of 924(c) convictions addressing drug trafficking crimes.  Id. at 8.

Petitioner filed a reply on November 4, 2019, which among other arguments, asserts that his conviction under § 924(c) was invalid because there was insufficient evidence to support the conviction.  ECF No. 19 at 3.  According to Petitioner, the dismissal of the underlying Count 3 which charged him with drug trafficking, invalidated his conviction for possession of a firearm in furtherance of a drug trafficking offense.  Id. at 6.  Respondent's reply was filed November 18, 2019.  ECF No. 20.

### III.    LEGAL STANDARDS

#### A.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

<u>Id.</u> at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  <u>Fontanez v. O'Brien</u>, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. <u>Id.</u>; <u>see also</u> <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).

---

[2]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

### A.    Petitioner's Challenge to his Conviction

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United

---

[3]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

>    a.    The date on which the judgment of conviction becomes final;
>    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner's three grounds for relief are that he was improperly sentenced under the post-Booker,[5] advisory Guidelines as to Count 4, and improperly convicted of Counts 2 and 4.  ECF No. 1 at 5 – 6.  Because Petitioner's direct appeal rights have expired and Petitioner has already filed several unsuccessful § 2255 motions, he must seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h)

---

[5] United States v. Booker, 543 U.S. 220 (2005).

is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his conviction and sentence in a § 2241, he must meet all three prongs of the Jones test and/or all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

As to his convictions under Counts 2 and 4, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted remain criminal offenses and therefore Petitioner cannot satisfy the second element of Jones. Consequently, because Petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his claims related to his convictions for Counts 2 and 4 may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### B.     Petitioner's Challenge to his Sentence

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

> (2) subsequent to the prisoner's direct appeal and first §
> 2255 motion, the aforementioned settled substantive law
> changed and was deemed to apply retroactively on collateral
> review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions
> of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now
> presents an error sufficiently grave to be deemed a
> fundamental defect.

Wheeler, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner's sole clam for relief related to his sentence is that as to Count 2 he was improperly sentenced under the post-Booker,[6] advisory Guidelines.  ECF Nos. 1 at 5, 10 at 1 – 2.  As with a challenge to his conviction, because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in

---

[6] United States v. Booker, 543 U.S. 220 (2005).

Count 4, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.

In this case as to sentence, even if Petitioner meets the first, second, and third prongs of <u>Wheeler</u>, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018).  In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u> when the sentencing Guidelines were mandatory.  <u>Id.</u> at 714.

However, the <u>Lester</u> Court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong.  <u>Id.</u> at 715 ("<u>Foote</u>[7] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-<u>Booker</u>, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." <u>Id.</u>  When a petitioner is sentenced under the post-<u>Booker</u>, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  <u>Id.</u>  In

---

[7]  In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255.  <u>Foote</u>, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).  The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  <u>Id.</u> at 940, 944.

conclusion, the <u>Lester</u> Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." <u>Id.</u> at 716.

Further, Petitioner was NOT sentenced as a career offender under the post-<u>Booker</u>, advisory Guidelines. Therefore, Petitioner's reliance on <u>Davis</u>[8] to challenge his sentence is misplaced. Regardless, even if he had been sentenced as a career offender, and if there was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The undersigned further **RECOMMENDS** that Respondent's motion to dismiss for lack of jurisdiction [ECF No. 15] be **GRANTED**. It is also **RECOMMENDED** that Petitioner's motion for counsel contained in the petition [ECF No. 1 at 8] be **DENIED.**

---

[8]  <u>United States v. Davis, 139 S.Ct. 2319</u> (2019) (invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B), which provides, "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—[ ] (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.")

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        March 30, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE