IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DONTE BERNARD BAKER,**

       **Petitioner,**

v.                                                  **CIVIL ACTION NO.: 3:19-cv-33**
                                                         **(GROH)**

**F. ENTZEL,**

       **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on March 30, 2020. ECF No. 27. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2241 Petition and dismiss the same without prejudice. The Petitioner timely filed objections to the R&R on April 23, 2020. ECF No. 29. Accordingly, the Petition is ripe for review.

### I. BACKGROUND

On March 8, 2020, Donte Bernard Baker ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner argued that his incarceration violates the Fifth, Sixth, Eighth and Fourteenth Amendments. Magistrate Judge Trumble entered an R&R recommending that the Petitioner's petition be denied and dismissed because the Court lacks jurisdiction. See ECF No. 27. The Petitioner timely filed his objections to the R&R. ECF No. 29.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner neither objects nor disputes any of the facts presented in the R&R. Therefore, the facts presented in the R&R are adopted and incorporated herein; however, this Court will briefly outline the most relevant facts.

In 2012, the Petitioner pleaded guilty to conspiracy to participate in racketeering activity; conspiracy to commit murder in aid of racketeering; and aiding and abetting possession of a firearm in furtherance of a drug trafficking offense. See ECF No. 27 at 1–2. The District Court sitting in the District of Maryland sentenced the Petitioner to a term of 480 months. The Petitioner unsuccessfully appealed his conviction. Subsequently, the Petitioner has filed at least four unsuccessful motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Petitioner has also sought post-conviction relief to reduce and/or amend his sentence.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify

each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any

3

explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R.  Rather, the objections reiterate and attempt to bolster the Petitioner's original filing, which were considered by the magistrate judge when he issued the R&R.  To the extent the Petitioner does otherwise, his contentions are misplaced.

For example, the Petitioner argues at length that "there was insufficient evidence to support his conviction." ECF No. 29 at 1.  The instant § 2241 proceeding is not the appropriate method for raising this issue under the circumstances.  As Magistrate Judge Trumble explained, the Petitioner cannot satisfy the savings clause of § 2255(e) under Jones.  ECF No. 27 at 9.  The Petitioner offers no meritorious argument to the contrary,[1] and indeed, this Court, having reviewed the entire record, finds no such argument exists.

To the extent the Petitioner challenges his sentence, rather than conviction, the Court also notes that his reliance on the Supreme Court's recent decision in Davis in misplaced. See United States v. Davis, 139 S. Ct. 2319 (2019).  To be clear, the Petitioner was sentenced using the post-Booker advisory guidelines *and* he was not sentenced as a career offender. Simply put, he cannot satisfy the fourth Wheeler prong, and Davis is of no moment.

---

[1] The Court notes that the Petitioner claimed the Court "has jurisdiction over this case because it [i]nvolves a federal question . . . ." ECF No. 19 at 6.  In this case, whether the Court has jurisdiction is informed by the language in § 2255 and the Fourth Circuit's test announced in Jones and Wheeler.  The Petitioner failed to establish, as is his burden, how he satisfies all of the prongs in either test.

4

Therefore, as to any arguments not specifically addressed herein, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections to the magistrate judge's analysis as found within his R&R.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considered the record and applied the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 27] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED and DISMISSED WITHOUT PREJUDICE**. The Court further ADOPTS the Magistrate Judge's recommendations to and does hereby **GRANT** the Respondent's Motion to Dismiss [ECF No. 15] and **DENIES** the Petitioner's Motion for Counsel. See ECF No. 1 at 8. The Clerk of Court is **DIRECTED** to **STRIKE** this matter from the Court's active docket and **TERMINATE AS MOOT** all other pending motions.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484).  Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED**: August 10, 2020

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE